PER CURIAM.
Petitioner has filed in this court a petition for writ of habeas corpus by which he alleges that he is incarcerated in a federal prison in Texas but his opportunity for parole has been thwarted because of detainers filed against him by the State of Florida.
By his petition he alleges that the detain-ers which form the subject of his concern stem from an affidavit charging him with having unlawfully uttered a worthless *559 check presently pending against him m the Justice of the Peace Court, District 5, of Duval County, Florida. He designates this action as Case No. 71-3042, which has been referred to the Criminal Court of Record of Duval County for prosecution. He alleges that his demand for a speedy trial has been ignored and the time for affording him such trial has long since passed. He further asserts that all efforts made by him to have the charges dismissed have brought no response and have proved to be of no avail.
By his petition he further alleges that an information has been filed against him in the Criminal Court of Record of Duval County charging him with the offense of auto theft. He similarly alleges that he made a demand for a speedy trial, that such demand has been ignored, and that the time for affording him such trial has long since passed. He contends that all efforts to have this case dismissed have likewise proved fruitless.
On the basis of the foregoing allegations, he seeks a writ discharging him from constructive custody and quashing the infor-mations presently pending against him.
In response to a rule nisi, the State of Florida has filed its return supported by documentary exhibits from which it affirmatively appears that the worthless check charge in Case No. 71-3042 filed against him was nolle pressed by the State on July 12, 1971, and is no longer pending. There has been filed in this cause a certificate by the Clerk of the Criminal Court of Record of Duval County establishing that there are no criminal charges presently pending against petitioner in that court. It further appears that the charge of auto theft lodged against him was not filed nor is it pending in the Criminal Court of Record of Duval County but in the Circuit Court of Pinellas County. Evidence has been furnished which demonstrates that the state attorney of that circuit has been directed to take the steps necessary to secure petitioner’s extradition from Texas and to place him on trial in Pinellas County with all reasonable dispatch.
Under the circumstances the writ prayed for is denied and the petition dismissed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON and RAWLS, JJ„ concur.